**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000357
17-APR-2013
10:12 AM**

NO. CAAP-12-0000357

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ARNOLD SABALA, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTC-11-056589)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Arnold Sabala, Jr. (Sabala) appeals from the March 5, 2012 Judgment in Case No. 1DTC-11-056589 entered by the District Court of the First Circuit, 'Ewa Division (District Court).[1]  Sabala was orally charged with Reckless Driving in violation of Hawaii Revised Statutes (HRS) § 291-2 (2007) and Excessive Speeding in violation of HRS § 291C-105(a)(1) (2007) occurring on August 4, 2011.  After a bench trial, Sabala was acquitted of Reckless Driving and was convicted as charged of Excessive Speeding.

On appeal, Sabala raises the following points of error. The District Court (1) plainly erred in convicting him on a charge that lacked *mens rea*, and (2) erred in admitting, over objection, laser speed reading evidence without a proper foundation of officer training and qualification.

---

[1]     The Honorable Clyde Sumida presided.

The State fails to advance any argument on *mens rea*, although it concedes that insufficient evidence existed of the foundation for admission of the laser speed reading, requiring reversal of the judgment.

Despite the concession, the court must nevertheless determine that such concession is sound. State v. Wasson, 76 Hawai'i 415, 418, 879 P.2d 520, 523 (1994) (citing Territory v. Kogami, 37 Haw. 174, 175 (1945) ("even when the prosecutor concedes error, before a conviction is reversed, 'it is incumbent on the appellate court to ascertain first that the confession of error is supported by the record and well-founded in law and to determine that such error is properly preserved and prejudicial.'")

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Sabala's appeal as follows.

As to the first point of error, in State v. Gonzalez, 128 Hawai'i 314, 288 P.3d 788 (2012), where a motion to dismiss the charge for lack of *mens rea* was made at trial, the Hawai'i Supreme Court recently held that the offense of Excessive Speeding in violation of HRS § 291C-105(a) "is not a strict liability offense and requires proof that the defendant acted intentionally, knowingly, or recklessly. Thus, the requisite states of mind must be alleged in a charge of this offense." Gonzalez 128 Hawai'i at 314-15, 288 P.3d at 789; see also State v. Nesmith, 127 Hawai'i 48, 56, 276 P.3d 617, 625 (2012) (holding that the failure to allege a *mens rea* in charging the offense of operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-61(a)(1) rendered the charge insufficient because the charge failed "to alert the defendants of precisely what they needed to defend against to avoid a conviction."). The

Gonzalez court further held that HRS § 702-204[2] applies to HRS § 291C-105(a). Gonzalez, 128 Hawai'i at 324, 288 P.3d at 798.

Where Sabala raises the sufficiency of the complaint for the first time on appeal, the liberal construction rule applies.

> Under the Motta/Wells[3] post-conviction liberal construction rule, we liberally construe charges challenged for the first time on appeal. Under this approach, there is a presumption of validity for charges challenged subsequent to a conviction. In those circumstances, this court will not reverse a conviction based upon a defective indictment or complaint unless the defendant can show prejudice or that the indictment or complaint cannot within reason be construed to charge a crime.

State v. Wheeler, 121 Hawai'i 383, 399–400, 219 P.3d 1170, 1186–87 (2009) (internal quotation marks, citations, and brackets omitted).

Sabala does not state how he was prejudiced by the omission of mens rea from the charge. Nevertheless, it does not appear that the excessive speeding charge can within reason be construed to charge a crime absent mens rea. The companion charge of Reckless Driving may be utilized to determine if the Excessive Speeding charge can be construed to include mens rea consistent with State v. Tominiko, 126 Hawai'i 68, 75-77 266 P.3d 1122, 1129-31 (2011) (in liberal construction of the charge of operating a vehicle under the influence of an intoxicant where "public road" language was omitted, the companion charge of driving without motor vehicle insurance which was dismissed prior to trial, involved the same incident, and contained reference to

---

[2] HRS § 702-204 (1993) states that "[w]hen the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly."

[3] State v. Motta, 66 Haw. 89, 92-94, 657 P.2d 1019, 1021-22 (1983); and State v. Wells, 78 Hawai'i 373, 379-80, 894 P.2d 70, 76-77 (1995).

a public roadway was sufficient to provide notice that the OVUII charge occurred on a public roadway).  However, it appears that the *mens rea* in Reckless Driving by operating a vehicle in conscious disregard of a substantial and unjustifiable risk of the safety of persons or property[4] is different from the *mens rea* in Excessive Speeding by operating a vehicle with conscious disregard of a substantial and unjustifiable risk of exceeding the speed limit in excess 30 miles per hour or more.[5]  Thus, awareness of the reckless driving *mens rea* does not necessarily inform a person of the excessive speeding *mens rea*.

Accordingly, because the Excessive Speeding charge under HRS § 291C-105(a)(1), as alleged against Sabala in this case, failed to state the requisite state of mind, the March 5, 2012 Judgment should be vacated and the case remanded to the District Court for dismissal without prejudice.  See Gonzalez, 128 Hawai'i 314-315, 288 P.2d 788, 789.  We need not reach the remaining point of error advanced by Sabala.

Therefore,

IT IS HEREBY ORDERED THAT the March 5, 2012 Judgment entered by the District Court of the First Circuit, 'Ewa Division

---

[4]  HRS § 291-2; see State v. Agard, 113 Hawai'i 321, 328-29, 151 P.3d 802, 809-10 (2007) (the facts in connection with the *mens rea* for reckless driving demonstrated that the Respondent "disregarded the safety of persons or property, [State v.] Bui, 104 Hawai'i [462,] 467, 92 P.3d [471,] 476 [(2004)] (citations omitted), and that such circumstances, [State v.] Eastman, 81 Hawai'i [131,] 141, 913 P.2d [57,] 67 [(1996)], reasonably demonstrate that Respondent's disregard of the risk to others was conscious and 'involve[d] a gross deviation from the standard of conduct that a law abiding person would observe in the same situation,' HRS § 702-206(3)(d)") (footnote omitted).

[5]  HRS §§ 291C-105(a)(1) and 702-206(3)(d); see State v Winfrey, 120 Hawai'i 384, 205 P.3d 649, No. 28737, 2009 WL 1144409 at *1 (App. Apr. 29, 2009) (SDO) ("A reckless state of mind requires the conscious disregard of a substantial and unjustifiable risk that the person's conduct is of the specified nature, that attendant circumstances exist, and that his conduct will cause the prohibited result").

4

is vacated and the case is remanded to the District Court to dismiss the Excessive Speeding charge without prejudice.

DATED: Honolulu, Hawai'i, April 17, 2013.

On the briefs:

Pedric T. Arrisgado,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge